UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
PIERRE JOUETHE,                                             :
                                                            :
               Plaintiff,                             :
                                                            :
                                                            : **MEMORANDUM DECISION AND**
          -against-                                   : **ORDER**
                                                            :
                                                            : 16-cv-6230 (BMC)
                                                            :
HOYT TRANSPORTATION CORP., and                              :
AMALGAMATED TRANSIT UNION                                   :
LOCAL 1181,                                                 :
                                                            :
               Defendants.                            :
---------------------------------------------------------- X

**COGAN, District Judge.**

Plaintiff commenced this action in state court against his employer and his Union. He alleged that his employer fired him in violation of the New York "whistleblower" statute, Labor Law § 740(2)(c), after he had reported an unsafe condition on the school bus that he drove, and that his Union, by refusing to represent him in the grievance hearing that sustained his termination, was "in cahoots" with his employer.

The Union timely removed the action to this Court on the ground that plaintiff's claim is completely preempted by federal labor law, specifically § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, *et seq*., since the Union and the employer are parties to a collective bargaining agreement and plaintiff's termination was pursuant to the terms of that agreement. Plaintiff did not challenge the removal and failed to appear at the initial status conference before this Court. I entered an Order advising plaintiff that he either had to seek remand on the ground that the case was not properly removed because his New York Labor Law claim is not preempted, or file an amended complaint dropping the "whistleblower" claim and

alleging a hybrid claim for improper termination against his employer under the collective bargaining agreement and breach of the duty of fair representation against his Union. Plaintiff did neither.

The Union has moved for judgment on the pleadings on the ground that plaintiff's complaint has to be construed, as against the Union, as sounding in breach of the duty of fair representation, and is barred by the six-month statute of limitations that applies to such claims. The employer has moved to dismiss plaintiff's claim against it for lack of subject matter jurisdiction, arguing that (1) since plaintiff has not filed an amended complaint asserting a hybrid claim, his New York Labor Law claim has no jurisdictional basis, and the Court should not exercise supplemental jurisdiction if it dismisses the claim against the Union; or, alternatively, (2) if the Court construes plaintiff's whistleblower claim as a hybrid claim for breach of the collective bargaining agreement against the employer, then his claim fails because (a) he has not exhausted the grievance and arbitration procedures in the collective bargaining agreement; and (b) he has not sued within the six-month statute of limitations that applies to such claims. Plaintiff has failed to respond to either of defendants' motions.

I have a duty to *sua sponte* consider whether this Court has subject matter jurisdiction. See D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd., 756 F.3d 151, 161 (2d Cir. 2014). In fulfillment of that duty, I had considered the grounds stated in the Union's notice of removal at the time the case was removed and had determined that, in fact, the Union was correct and that any state law claims that plaintiff attempted to plead in state court are completely preempted by § 301 of the LMRA. This is because the issue here is whether plaintiff was properly terminated pursuant to the terms of the "for cause" provisions of the collective bargaining agreement and its procedures, and it is important that there be a uniform body of federal law construing such terms.

2

"Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301 [or 29 U.S.C. § 185(a)], since the employee is alleging a breach of the collective bargaining agreement. The suit against the Union is one for breach of the Union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act." DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164, 103 S. Ct. 2281, 2290 (1983). Because § 301 of the LMRA completely preempts any state law claims that plaintiff may have arising out of his termination, the only claim that he has is a hybrid claim for breach of the duty of fair representation against the Union and breach of the termination provisions of the collective bargaining agreement against the employer. I therefore deny the portion of the employer's motion that seeks dismissal for lack of subject matter jurisdiction, and construe plaintiff's complaint as one for breach of the termination provisions of the collective bargaining agreement.

However, the Union is correct that an action for breach of the duty of fair representation must be brought within six months of the date upon which the Union member knew or should have known that the duty had been breached. See Campbell v. Kane, Kessler, P.C., 144 F. App'x 127, 131 (2d Cir. 2005) (quoting White v. White Rose Food, 128 F.3d 110, 114 (2d Cir.1997)). Here, the complaint alleges that the Union failed to adequately represent plaintiff in August, 2015. He commenced this action in June, 2016, well beyond the six-month period; thus that claim is time-barred. In addition, the claim against the employer is also time-barred as the six-month statute of limitations is equally applicable to claims against an employer for breach of the collective bargaining agreement. DelCostello, 462 U.S. at 169, 103 S. Ct. at 2293.

Accordingly, defendants' motions are granted. The Clerk is directed to enter judgment, dismissing the complaint.

**SO ORDERED.**

                                                                                          U.S.D.J.

Dated: Brooklyn, New York
       December 27, 2016